**In re THE CINCINNATI ENQUIRER, a division of Gannett Satellite Information, Inc., Petitioner.**

No. 96–3627.

United States Court of Appeals, Sixth Circuit.

Decided June 7, 1996.

John A. Flanagan, John C. Greiner, Graydon, Head & Ritchey, Cincinnati, OH, for Petitioner.

## ORDER

MERRITT, Chief Judge.

The petitioner, the *Cincinnati Enquirer,* a daily newspaper, has filed an emergency petition for a writ of mandamus requiring the Honorable Arthur Spiegel to permit public access to a summary jury trial proceeding now under way in his court in the case of *Morris, et al. v. Voinovich, et al,* No. C–1–93–436. The *Morris* case involves a class action arising from a large prison riot in an Ohio prison. A jury will be empaneled to hear the lawsuit which will be conducted in a regular courtroom in the Cincinnati Courthouse by a federal judge.

A single judge has considered this emergency petition pursuant to Rule 27, Fed. R.App.P. and enters the following order pending final disposition of the case on the merits:

(1) The parties to the case in the court below should file with this court no later than Monday, June 17, 1996, by 5:00 P.M., an answer stating their respective positions in this matter.

(2) Judge Spiegel is requested to file an answer to the petition for writ of mandamus pursuant to Rule 21(b) Fed.R.App.P.

(3) In the interim, prior to a ruling on the merits on the petition for writ of mandamus by the U.S. Court of Appeals for the Sixth Circuit, the district court shall not further conduct the summary jury trial proceedings in the case of *Morris, et al. v. Voinovich, et al., supra,* without permitting public access, including access by the press, to the proceedings.

It is contrary to centuries of Anglo–American jurisprudence to conduct jury trials in secret. The Court finds that there is a substantial likelihood of success on the merits by the petitioner for the writ of mandamus, that a broad public interest is at stake and lends support to the position of the petitioner and that absent such access the secrecy order denying public access may cause irreparable harm and could result in a prior restraint prohibited under the First Amendment should the District Court implement its order of further restraints on publication. *See Brown and Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1179 (6th Cir.1983); *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 225 (6th Cir.1996). *See also Day v. NLO, Inc.,* 147 F.R.D. 148, 152 (S.D.Ohio 1993). The preliminary conclusion that the petitioner is likely to succeed on the merits on the petition for writ of mandamus is based on the general principle stated in *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), guaranteeing the public under ordinary circumstances the right to be present during proceedings in federal court and allowing the closing of a federal courtroom only in the most exceptional circumstances. The district court, therefore, shall not conduct further proceedings in the above-mentioned case while denying public access to the summary jury trial proceeding in question until the U.S. Court of Appeals for the Sixth Circuit has had an opportunity to adjudicate the petition for a writ of mandamus on the merits.

The case of *Cincinnati Gas & Electric Co. v. General Electric Co.,* 854 F.2d 900 (6th Cir.1988) (a 2 to 1 case with Judge Edwards dissenting), is inconsistent with the *Procter & Gamble v. Bankers Trust* case, *supra,* and the case of *In re NLO,* 5 F.3d 154 (6th Cir.1993), which are later cases. This Court had not issued its writ of mandamus in *In re NLO,* 5 F.3d 154, *supra,* outlawing compulsory summary jury trials in the Sixth Circuit when the *Cincinnati Gas* case was decided. In that case also the district judge had ordered a summary jury trial, and one party was unwilling to participate unless the hearing was closed. Similarly in the present case a party appears willing to participate in the summary jury trial only if the press and the public are excluded. The court held in *In re NLO* that summary jury trials may not be

mandated under such circumstances. More-over, even if the public and the press may be excluded in some circumstances, this does not appear to be such a case. The *Cincinnati Gas* case was a private commercial action, not a class action involving public correctional institutions like the present case.

Accordingly, it is so ORDERED.