**In re George VOINOVICH, Governor, State of Ohio, et al., Petitioners.**

**No. 96–3635.**

United States Court of Appeals, Sixth Circuit.

Submitted July 30, 1996.

Decided Aug. 1, 1996.*

---

* This order was originally issued as an "unpublished order" filed on August 1, 1996.

Gerald A. Messerman, Drew A. Carson, Messerman & Messerman, Cleveland, OH, for petitioner.

Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.

## ORDER

In this class action arising from riots that occurred at the Southern Ohio Correctional Facility in April of 1993, the district court ordered the parties to participate in a summary jury trial in an attempt to obtain a settlement of the action. The defendants moved to vacate the order on the grounds that *In re NLO, Inc.*, 5 F.3d 154 (6th Cir. 1993), prohibited compelling a party to participate in a summary jury trial. The district court denied the motion. The defendants agreed not to seek a mandamus to vacate the summary jury trial if the proceedings would be closed to the public. The summary jury trial began on June 6, 1996. The Cincinnati Enquirer then filed a petition for a writ of mandamus seeking to require that the proceedings be opened to the public. On June 7, 1996, a single judge of this court, acting on an emergency basis, issued an order temporarily prohibiting the court from conducting the proceedings without permitting public access. *In re Cincinnati Enquirer*, 85 F.3d 255 (6th Cir.1996). The district court continued the summary jury trial in opened court.

The petitioners, defendants below, filed this petition for a writ of mandamus seeking to vacate the summary jury trial proceedings because the proceedings were now required to be opened to the public. On June 10, 1996, a single judge of the court issued a stay of the summary jury trial pending consideration of the defendants' mandamus petition. Contemporaneously with this order, we are issuing an order in *In re Cincinnati Enquirer*, 85 F.3d 255 (6th Cir.1996), holding that the press does not have the right of access to the summary jury trial, denying that petition for a writ of mandamus, and vacating this court's prior ruling in that case to the contrary. That order renders the defendants' objections to the summary jury trial moot.

It therefore is **ORDERED** that the petition for a writ of mandamus is dismissed as moot.