In re the **CINCINNATI ENQUIRER, A DIVISION OF GANNETT SATELLITE INFORMATION, INC.,** Petitioner.

No. 96–3627.

United States Court of Appeals, Sixth Circuit.

Submitted July 30, 1996.

Aug. 1, 1996.*

John A. Flanagan, Cincinnati, OH, John C. Greiner, Graydon, Head & Ritchey, Cincinnati, OH, for Petitioner.

Before GUY, RYAN, and SUHRHEINRICH, Circuit Judges.

## ORDER

In *In re Southern Ohio Correctional Facility,* No. C–1–93–436 (S.D.Ohio), a class ac-

---

* This order was originally issued as an "unpublished order" filed on August 1, 1996.

tion arising from riots that occurred at the Southern Ohio Correctional Facility in April of 1993, the district court ordered the parties to participate in a summary jury trial in an attempt to obtain a settlement of the action. The petitioner came before this court seeking a writ of mandamus requiring the district court to permit public access to the summary jury trial. On June 7, 1996, a single judge of the court, acting on an emergency basis, issued a temporary injunction prohibiting the district court from conducting the summary jury trial proceedings without permitting public access pending consideration of the petition by the court. *In re Cincinnati Enquirer,* 85 F.3d 255 (6th Cir.1996). The district court then continued the proceedings in opened court and the defendants filed a petition for a writ of mandamus seeking to vacate the summary jury trial proceedings. *In re Voinovich,* 92 F.3d 383 (6th Cir.1996).

 The district court did not err in closing the summary jury trial to the public. As we held in *Cincinnati Gas and Electric Co. v. General Electric Co.,* 854 F.2d 900 (6th Cir.1988), *cert. denied,* 489 U.S. 1033, 109 S.Ct. 1171, 103 L.Ed.2d 229 (1989), the first amendment right of access does not attach to a summary jury trial. Analysis of a first amendment right to access claim involves two complimentary considerations. First, the proceeding must be one for which there has been a "tradition of accessibility." *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 10, 106 S.Ct. 2735, 2741, 92 L.Ed.2d 1 (1986); *Cincinnati Gas and Electric Co. v. General Electric Co.,* 854 F.2d at 903. The second consideration is whether the access "plays a significant positive role in the functioning of the particular process in question." *Press–Enterprise Co. v. Superior Court,* 478 U.S. at 8, 106 S.Ct. at 2740.

 A summary jury trial proceeding is not in the nature of a court hearing or a jury trial, but is essentially a settlement proceeding. Settlement proceedings are historically closed procedures. *Cincinnati Gas and Electric Co. v. General Electric Co.,* 854 F.2d at 903. The summary jury trial does not present any matter for adjudication by the court, but functions to facilitate settlement.

This court has found that "where a party has a legitimate interest in confidentiality, public access would be detrimental to the effectiveness of the summary jury trial in facilitating settlement." *Cincinnati Gas and Electric Co. v. General Electric Co.,* 854 F.2d at 904.

 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re American President Lines, Ltd.,* 929 F.2d 226, 227 (6th Cir.1991) (order); *see In re NLO, Inc.,* 5 F.3d 154, 156 (6th Cir.1993). The petitioner has failed to demonstrate a right to access to the summary jury trial in this case. Consequently, it is not entitled to a writ of mandamus. The prior order in this case, to the extent that it holds to the contrary, is vacated.

It therefore is **ORDERED** that the petition for a writ of mandamus is denied.