**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY LOCATED IN ROMULUS, WAYNE COUNTY, MICHIGAN, Defendant.**

No. 96–73639.

United States District Court,
E.D. Michigan,
Southern Division.

April 21, 1997.

Bruce C. Judge, Asst. U.S. Atty., Detroit, MI, for Plaintiff.

Hershel P. Fink, Detroit, MI, for Defendant.

### ORDER DENYING MOTION FOR RECONSIDERATION

GILMORE, District Judge.

#### I.

Before the Court is the Detroit Free Press' Motion for Reconsideration, filed November 7, 1996. The Detroit Free Press seeks reconsideration of the Court's October 24, 1996 Order denying its Motion to Open Sealed Matters related to the above-captioned civil forfeiture matter.

The Court heard oral argument on the Motion for Reconsideration on March 27, 1997, and thereafter reviewed, *in camera,* affidavits provided by the United States. For the following reasons, the Detroit Free Press' Motion is **DENIED.**

#### II.

The local rules of the Eastern District of Michigan require that a party seeking reconsideration of an order "shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof." E.D.Mich. LR 7.1(h)(3). The Detroit Free Press contends that the Court applied the incorrect legal standard in rendering its ruling and relies on *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165 (6th Cir.1983). The United States opposes the motion arguing that the Detroit Free Press has not met the standard set forth in E.D. Mich. LR 7.1.

#### III.

This Court determined at the prior hearing that the first amendment right of access test did not apply to search warrants and the affidavits filed in support thereof. The Court reached this conclusion after applying *In re The Cincinnati Enquirer,* 94 F.3d 198 (6th Cir.1996) and *United States v. Corbitt,* 879 F.2d 224 (7th Cir.1989). Therefore, the Court applied the common law right of access test to the facts at bar and determined that the sealed documents should remain sealed.

■ The Detroit Free Press argues in its motion that the Court should have applied the first amendment right of access test, which requires different standards than the common law right of access test. Contrary to the Detroit Free Press' position, this Court reaffirms its prior holding and follows the majority of circuits in holding that the

common law right of access test, not the first amendment right of access test, applies to cases involving search warrants and the affidavits in support of the warrants.

At least four circuit courts of appeals have considered the nature of access rights possessed by the public in regard to search warrants and affidavits in support of the warrants. The Detroit Free Press would have this court adopt the reasoning of *In re Search Warrant for Secretarial Area–Gunn,* 855 F.2d 569 (8th Cir.1988), wherein the court held that "the first amendment right of public access does extend to the documents filed in support of search warrant applications." *Id.* at 573 (however, even where a first amendment right is recognized, it is a qualified right).[1]

However, this Court adopted the reasoning of the Second, Fourth and Ninth Circuits and declined to extend the first amendment right of public access to search warrants and the affidavits supporting them. *In re Application of Newsday, Inc.,* 895 F.2d 74 (2d.Cir.1990); *Baltimore Sun Co. v. Goetz,* 886 F.2d 60 (4th Cir.1989); *Times Mirror Co. v. United States,* 873 F.2d 1210 (9th Cir.1989); *see also In re The Macon Telegraph Publishing Co.,* 900 F.Supp. 489, 491 (M.D.Ga.1995) (adopting *Baltimore Sun* and *Times Mirror* in the absence of Eleventh Circuit authority); *Matter of Flower Aviation of Kansas, Inc.,* 789 F.Supp. 366, 369 (D.Kan.1992) (adopting *Baltimore Sun* in absence of Tenth Circuit authority); *see also United States v. Corbitt,* 879 F.2d 224, 228–29 (7th Cir.1989) (common law right of access, but no first amendment right of access, to presentence reports)

### First Amendment Right of Public Access

Even if this Court were to apply the first amendment right of public access test, the Detroit Free Press fails to meet the standard.

■ The Supreme Court has recognized that the First Amendment provides a public right of access to criminal trials. *Globe Newspaper Co. v. Superior Court for the County of Norfolk,* 457 U.S. 596, 603–06, 102 S.Ct. 2613, 2618–20, 73 L.Ed.2d 248 (1982). However, this access is not an absolute right.

In *In re the Cincinnati Enquirer,* the Sixth Circuit affirmed the district court's denial of public access to a summary Jury trial and observed:

[a]nalysis of a first amendment right of access claim involves two complimentary considerations. First, the proceeding must be one for which there has been a 'tradition of accessibility' .... [citation omitted] ... The second consideration is whether the access 'plays a significant positive role in the functioning of the particular process in question' ... [citation omitted]

*The Cincinnati Enquirer,* 94 F.3d at 199.

■ In applying the first prong of *the Cincinnati Enquirer,* this Court must look to *United States v. United States District Court,* 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1971), wherein the Supreme Court held that "a warrant application involves no public or adversary proceedings: it is an ex parte request before a magistrate or judge." *Id.* at 321, 92 S.Ct. at 2138. Therefore, because there is no "tradition of accessibility" for search warrant proceedings, there is no first amendment right of access to those proceedings. *See Times Mirror Co. v. United States,* 873 F.2d 1210 (9th Cir.1989); *Baltimore Sun Co. v. Goetz,* 886 F.2d 60 (4th Cir.1989); *contra, In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569 (8th Cir.1988). Thus, the Detroit Free Press fails the first prong of the first amendment right of access test.

The second prong of the right to access test addresses whether access plays a significant role in the functioning of the process in question. *The Cincinnati Enquirer,* 94 F.3d at 199; *Cincinnati Gas & Elec.,* 854 F.2d at 904. In this case, the particular process in question is an ongoing criminal investigation. Access to the requested materials would play

---

1. The Free Press' reliance on *Brown & Williamson* is misplaced. That case involved the sealing of F.T.C. documents during an investigation and whether the documents could remain sealed during trial. The Sixth Circuit "decline[d] to carve out an exception to the right of access in order to protect the secrecy of the administrative record." *Id.* at 1180. The court did apply the first amendment right of access test; however, the case is clearly factually distinguishable.

a significant role in the functioning of the investigative process; however, its role would not enhance the process, rather, it could impede or even halt the process. The concerns stated by both the United States and the Defendant are sufficient to make a finding that access to the materials would be harmful to the investigative process. Thus, the Detroit Free Press has not met the second prong of the right to access test, and its argument that this test applies must fail. The correct test to apply, and the test this Court applies in accordance with three other circuit courts of appeals, is the common law right of public access test.

### Common Law Right of Public Access

█ While the Supreme Court has recognized a common law right to inspect and copy "judicial records and documents," this is not an absolute right. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311–12, 55 L.Ed.2d 570 (1978); *see also United States v. Beckham,* 789 F.2d 401, 409 (6th Cir.1986). The Nixon court observed:

> The few cases that have recognized such a right do agree that the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

*Nixon,* 435 U.S. at 599, 98 S.Ct. at 1312.

█ Moreover, although federal courts have recognized "that the common law right of access creates a 'strong presumption' in favor of public access to materials submitted as evidence in open court," *United States v. Corbitt,* 879 F.2d 224 (7th Cir.1989), "this presumption should not apply to materials properly submitted to the court under seal." *Corbitt,* 879 F.2d at 228. As a result, when court records are filed under seal, "the party seeking disclosure may not rely on presumptions, but must instead make a specific showing of need for access to the documents." *Id.*[2]

█ Previously, the Detroit Free Press did not make a specific showing. Rather, the

Detroit Free Press relied on general statements regarding access to court files and the public's need to know about the civil forfeiture and the defendant property. The Court found that the balance tipped in favor of the United States and its ongoing criminal investigation.

In its Motion for Reconsideration, the Detroit Free Press has not presented any other information to the Court which satisfies the standard by making a specific showing. Its argument that the arrest of Paul Parrinollo is relevant to the Court's inquiry ignores that Parrinollo's arrest predates the Court's first hearing. The lack of new information, in combination with the United States' submission of affidavits which the Court reviewed carefully, compels the conclusion that the Court must deny the motion.

### IV.

Accordingly, based on the foregoing analysis, the Court **DENIES** the Detroit Free Press' Motion for Reconsideration.

**IT IS SO ORDERED.**

---

**2.** The Free Press' reliance on *Procter & Gamble Co. v. Bankers Trust Co.* is misplaced. That decision focuses on the standards for sealing documents in the first place. Presumably, the magistrate judges and Judge Edmunds engaged in the proper analysis for sealing the documents. The efficacy of the sealing the documents initially is not questioned here.