# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2011

No. 10-11089
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT SOLIS,

Plaintiff - Appellant

v.

DOUG DRETKE; TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER; DANNY HORTON; JAMES D MOONEYHAM; NFN REGOUBY; CLYDE HARGROVE; JOHN JADNIK; DAVID POTTER,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-148

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Solis, Texas prisoner # 1129261, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his Rule 60(b) motion for relief from judgment. By moving for leave to proceed IFP, Solis is challenging the district court's certification that his appeal is not taken in good

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Solis argues that the district court abused its discretion by denying his motion for relief from judgment.  He maintains the motion and evidence he submitted showed he was entitled to relief because the defendants made misrepresentations to the court, he provided newly discovered evidence, and he demonstrated the existence of exceptional circumstances.  He contends that the district court did not consider the evidence he submitted with the motion and that the evidence he submitted contradicted findings the district court made in its order dismissing the complaint.  Solis asserts that he exercised diligence in discovering the new evidence and that he could not have presented the evidence of his injuries earlier because the defendants did not treat the injuries.

Under Rule 60(b)(3), a district court may relieve a party from a final judgment for fraud, misrepresentation, or other misconduct of an adverse party. Fed. R. Civ. P. 60(b)(3).  "A party making a Rule 60(b)(3) motion must establish: (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case."  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).  The movant must show that the opposing party engaged in misconduct by clear and convincing evidence.  *Id.*

Solis alleged that the *Martinez*[1] report contained three statements that were misrepresentations: (1) that he refused medical treatment for his foot on September 14, 2004; (2) that his doctor's appointment on September 7, 2004, was rescheduled for September 8, 2004; and (3) that he was provided medical treatment on September 6, 2004, when he was actually seen only by a nurse, not by a doctor licensed to practice podiatry.  The evidence Solis submitted in

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Parker v. Carpenter*, 978 F.2d 190, 192 n.2 (5th Cir. 1992).

support of his claim that he did not refuse treatment merely showed the existence of a factual dispute, and was insufficient to show by clear and convincing evidence that the *Martinez* report was fraudulent or contained misrepresentations. *See Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995).

There was an apparently inaccurate entry in the medical records submitted with the *Martinez* report indicating that Solis's doctor's appointment on September 7, 2004, was rescheduled for September 8, 2004. However, the inaccuracy in the medical records was not used by the defendants to procure a favorable judgment and was not relied upon by the district court. Solis has not shown that the *Martinez* report was fraudulent or contained misrepresentations because it included an inaccurate entry in the medical reports. *See Ginther v. O'Connell (In re Ginther)*, 791 F.2d 1151, 1153-54 (5th Cir. 1986).

The medical records indicated that Solis was seen by a nurse, not a doctor, on September 6, 2004, and the district court specifically found that Solis was seen by a nurse on September 6, 2004. Accordingly, any possible implication that Solis was seen by a doctor was not used by the defendants or relied upon by the district court. Solis has, therefore, not shown that the *Martinez* report was fraudulent or contained misrepresentations because it implied that he was seen by a doctor on September 6, 2004. *See id.* Solis has not shown that he was entitled to relief under Rule 60(b)(3).

Rule 60(b)(2) allows for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "Under Rule 60(b)(2), to succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced

a different result if present before the original judgment." *Hesling*, 396 F.3d at 639 (quotation marks, brackets, and citation omitted).

The newly discovered evidence upon which Solis relied consisted of Harris County Sheriff's Office medical records from January and March of 1999. While Solis's new medical records showed that he had a diagnosable foot injury in 2009, nothing in the those records showed that he was not given proper medical treatment after he was injured on September 6, 2004. The new medical records contradicted the district court's finding that Solis did not have a substantial foot injury. The district court's primary findings, though, were that Solis's allegations amounted to a disagreement with the medical treatment he received and that Solis had not shown that any delay in receiving medical care caused him substantial harm. Nothing in the new medical records contradicted those findings. As the new medical records did not contradict the district court's central findings, Solis failed to show that the new medical records would have clearly produced a different result, and he has, therefore, not shown that he was entitled to relief under Rule 60(b)(2). *See Hesling*, 396 F.3d at 640-41.

Rule 60(b)(6) is a catchall provision allowing for the granting of relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2). Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances." *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th Cir. 2011).

Solis's claim for relief under Rule 60(b)(6) was based solely upon his claims of fraud and misrepresentation under Rule 60(b)(3) and of newly discovered evidence under Rule 60(b)(2). This claim fails because "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Hesling*, 396 F.3d at 643.

The district court denied Solis's motion for relief from judgment by relying on its order dismissing the complaint, without discussing the argument and evidence set forth in the motion for relief from judgment. This, however, is immaterial because Solis's Rule 60(b) motion was without merit, and we may

affirm the ruling of the district court for any reason supported by the record. *See Armour v. Knowles*, 512 F.3d 147, 152 & n.4 (5th Cir. 2007).

Solis's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5th Cir. R. 42.2.

Solis is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint as frivolous both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). He is cautioned that if he accumulates three strikes under Section 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.