834 F.2d 493
 Jerome P. LYONS and Deborah M. Lyons, Plaintiffs-Appellants,
v.
William D. SHEETZ, et al., Defendants-Appellees.
Jerome P. LYONS and Deborah M. Lyons, Plaintiffs-Appellants,
v.
RANDALL, Fifth Circuit Judge, Garwood, Fifth Circuit Judge,
Hill, Fifth Circuit Judge, et al., Defendants-Appellees.
 Nos. 87-1102, 87-1425
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 16, 1987.
Rehearing Denied in No. 87-1102 Jan. 14, 1988.
Rehearing Denied in No. 87-1425 Jan. 19, 1988.
 Jerome P. Lyons, pro se.
 Deborah M. Lyons, pro se.
 Nancy Koenig, Asst. U.S. Atty., and Marvin Collins, U.S. Atty., Lubbock, Tex., for defendants-appellees.
 Appeals from the United States District Court for the Northern District of Texas.
 Before CLARK, Chief Judge, RUBIN and DAVIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pro se appellants Jerome P. Lyons and Deborah M. Lyons seek reversal of orders dismissing two separate actions filed under 42 U.S.C. Sec. 1983. We affirm.
 
 I. BACKGROUND
 Lyons I (86-1641)
 
 2
 Jerome Lyons, a civilian employee of the Department of the Army, was discharged due to unsatisfactory performance. He challenged his discharge before the Merit Systems Protection Board, which upheld his discharge. Lyons then filed suit in forma pauperis in federal district court against the Department of the Army and various other federal entities and employees. Judge Halbert O. Woodward dismissed the action as untimely, frivolous, and filed in an improper venue. A panel of this court comprised of Circuit Judges Politz, Williams, and Jones affirmed on the ground of untimeliness. Lyons v. Scott, 808 F.2d 1521 (affirmed without published opinion) (5th Cir.1986) (Lyons I ). Subsequently, another panel of this court comprised of Judges Randall, Garwood, and Hill denied Lyons' motion for rehearing. Lyons v. Scott, No. 86-1642 (March 30, 1987) (unpublished).
 
 II. THE CASES ON APPEAL
 Lyons II (87-1102)
 
 3
 Appellants filed the action giving rise to appeal No. 87-1102 against U.S. Attorney Marvin Collins and Assistant U.S. Attorneys William Sheetz and Ann Loyd, who were counsel of record for the defendants in Lyons I, as well as Circuit Judges Politz, Williams, and Jones, who decided the appeal. Appellants accused the defendants of making false official statements and providing false official information. More particularly, they alleged that the Department of Justice defendants gave false information in their repeated reference to the fact that Lyons was discharged due to unacceptable performance. They alleged that the three circuit judges erroneously held that the district judge was entitled to dismiss the Lyonses complaint with prejudice under 28 U.S.C. Sec. 1915(d). The Lyonses also challenged the district court's ruling, affirmed by the court of appeals, that the Lyons I complaint was untimely filed.
 
 
 4
 The Lyonses assert their claim in Lyons II under Sec. 1983 although all defendants are federal employees and officials. The district court summarily dismissed the Lyonses' action before issue was joined based on their failure to state a claim under Sec. 1983. The court also held alternatively that the Lyonses had their day in court for this cause of action and that the action was frivolous.
 
 
 5
 The district court was correct, for a number of reasons, in dismissing Lyons II. First, the Lyonses attempted to relitigate the issues addressed in Lyons I. This they cannot do. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414-15, 66 L.Ed.2d 308 (1980). Second, federal judges are absolutely immune from suit with respect to "acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Federal prosecutors are also absolutely immune from suit based on the introduction of evidence into the record of a proceeding. See Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Third, giving the Lyonses' petition the most liberal interpretation, they could prove no set of facts in support of their Sec. 1983 claim because there is no hint of state action here. Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), authorizes dismissal on that ground alone. The district court properly dismissed this action as frivolous.
 
 Lyons III (87-1425)
 
 6
 A third action was filed against the Department of Justice, U.S. Attorney Marvin Collins and Assistant U.S. Attorney Nancy Koenig, counsel of record for defendants in Lyons II; U.S. District Judge Barefoot Sanders, who dismissed Lyons II; and Circuit Judges Randall, Garwood, and Hill, who denied appellants' application for rehearing in Lyons I. The petition again alleged that the defendants provided "false official information" by slandering Jerome Lyons in connection with Lyons I and II. The district court noted that the Lyonses were reasserting allegations addressed in Lyons II and dismissed the complaint as frivolous.
 
 
 7
 The dismissal was proper because the complaint does not state a claim. The Lyonses have failed to state a claim under Sec. 1983 because the defendants are federal employees and officials acting pursuant to federal law and are not state actors acting under color of state law. The Lyonses' suit fares no better as a Bivens action. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The complaint liberally construed alleges that Jerome Lyons was slandered. The Lyonses failed to allege the violation of any federal constitutional right.[1]
 
 
 8
 Appellants argue finally that the district court erred in dismissing the complaint without giving them an opportunity to amend. Ordinarily, the dismissal of a pro se complaint should be without prejudice in order to afford the plaintiff an opportunity to file an amended complaint. In Good v. Allain, 823 F.2d 64 (5th Cir.1987), we held that this rule applied even in those instances where the court could "perceive no viable claim [the plaintiff] could include in an amended complaint." But this rule, we are persuaded, should not and does not apply to bad faith litigators such as the Lyonses in this case. They have now filed essentially the same suit three times. As outlined below, their insistance on asserting these frivolous claims in successive petitions is in such bad faith we have determined that we must impose sanctions. Under these circumstances, it makes no sense to require the district court to give the Lyonses an opportunity to amend the suit.
 
 
 9
 For the reasons stated above, the judgments entered by the district courts dismissing Lyons II and III are AFFIRMED.
 
 III. SANCTIONS
 
 10
 This court is authorized to impose sanctions upon those who pursue frivolous appeals. Fed.R.App.P. 38.[2] A "frivolous appeal" is one that relies on legal points that are not arguable on their merits. Sturgeon v. Airborne Freight Corp., 778 F.2d 1154 (5th Cir.1985). The appeal of an adverse ruling in favor of absolutely immune judges and prosecutors presents no cognizable legal theory for reversal, and the appeal is frivolous. Ryan v. Bilby, 764 F.2d 1325 (9th Cir.1985). A litigant's pro se status does not preclude imposition of sanctions. Id.; see also In re Ginther, 791 F.2d 1151 (5th Cir.1986); Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir.1986). Accordingly, we assess as sanctions against appellants double costs and damages in the amount of $2,500 in favor of the United States. We also remand this case to the district court for entry of an appropriate order directing the district court clerk to refuse to accept for filing any further suits by appellants related to appellants' loss of employment or earlier litigation with respect to that employment until these sanctions are satisfied.
 
 
 11
 AFFIRMED and REMANDED.
 
 
 
 [1]
 The Lyonses contend in this appeal that Judge Woodward should not have presided in the trial of Lyons III because he sat as trial judge in the prosecution of Lyons I. Lyons I was dismissed summarily shortly after it was filed. Judge Woodward was a defendant in Lyons II because of his activities as a judge in Lyons I. He enjoyed absolute judicial immunity for his actions in Lyons I. See Stump v. Spartman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Because Judge Woodward was absolutely immune from liability for his judicial acts, there was no reason for bias or prejudice nor could a reasonable person doubt the Judge's impartiality. Even if, however, Judge Woodward should have disqualified himself, no other judge could reasonably have reached a different result. We therefore hold that his failure to do so was harmless error
 
 
 [2]
 Fed.R.App.P. 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."