IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-41084
Conference Calendar
_____

LESTER DARGANE,

Plaintiff-Appellant,

versus

ROLLING STONE,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:93-CV-415
- - - - - - - - - -

June 28, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that Lester J. Dargane's motion for leave to proceed in forma pauperis is DENIED, because his appeal lacks arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED. See 5th Cir. R. 42.2.

Dargane contends that he is entitled to removal of the

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

sanction on grounds that he did not submit the frivolous § 1983 complaint to the district court for filing. He states that he sent it to Rolling Stone, in an effort to obtain a refund. He asserts that Rolling Stone sent it to the court without his consent.

Dargane did not present this contention in his Rule 60(b) motion. This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). This is an issue of fact, so the court will not address it.

This court's review of a ruling on a Rule 60(b) motion is limited to a determination whether the ruling constituted an abuse of discretion. Frazier v. Board of Trustees, 765 F.2d 1278, 1292 (5th Cir. 1985), cert. denied, 476 U.S. 1142 (1986). The court has been "insistent that Rule 60(b) is not a substitute for the ordinary method of redressing judicial error - appeal." Alvestad v. Monsanto Co., 671 F.2d 908, 912 (5th Cir.), cert. denied, 459 U.S. 1070 (1982). Dargane failed to appeal the judgment which contained the sanction order, and he has not presented an adequate argument that the district court abused its discretion.

Dargane is admonished that further prosecution of frivolous appeals in this court will result in the imposition of sanctions pursuant to Fed. R. App. P. 38. "A litigant's pro se status does

not preclude imposition of sanctions."  <u>Lyons v. Sheetz</u>, 834 F.2d 493, 496 (5th Cir. 1987).

IFP DENIED; APPEAL DISMISSED.