IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60258
(Summary Calendar)
_____

WILLIAM BOYKIN, Etc., ET AL.,

                                        Plaintiffs,

WILLIAM BOYKIN, Individually and on behalf of all others similarly
situated,

                                        Plaintiff-Appellant,

versus

ENTERGY OPERATIONS, INC., ET AL.,

                                        Defendants,

ENTERGY OPERATIONS, INC; DON HINTZ; CHARLES R. HUTCHINSON; MIKE
BAKARICH,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(5:98-CV-29-BN)
--------------------
October 6, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant William Boykin, pro se, appeals a summary

judgment dismissing discrimination claims against his employer,

Entergy Operations, Inc., and three individuals (collectively

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"Entergy"). Boykin sued under 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 12101 et seq. ("ADA"), alleging that Entergy discriminated against him in promotions, wages, and working conditions because of race and disability.[1]

Boykin previously filed two similar federal lawsuits against these defendants and others. See Boykin v. Entergy Operations, Inc., No. 5:95-CV-145-BrS (S.D. Miss. Oct. 10, 1995) (unpublished) ("Boykin I"), aff'd, No. 00-60046 (5th Cir. Aug. 21, 2000); Boykin v. Entergy Operations, Inc., No. 3:97-CV-348-WS (S.D. Miss. Sept. 30, 1998) (unpublished) ("Boykin II"), aff'd, No. 98-60676 (5th Cir. Apr. 16, 1999)(unpublished), cert. denied, 120 S. Ct. 408 (1999). In Boykin II, the district court dismissed as res judicata all claims that were or could have been brought before November 18, 1996, the date Boykin I was decided. Remaining claims were dismissed on their merits.

In the present case Boykin alleged acts occurring from 1985 to 1997. The district court granted summary judgment and held that claims arising prior to September 30, 1998, the date Boykin II was decided, were res judicata because they could have been brought in Boykin II. Boykin appeals, and both Boykin and Entergy have filed motions for sanctions.

---

[1] Boykin abandoned his ADA claim in the district court by failing to argue it in his opposition to summary judgment. A plaintiff cannot abandon an issue in his opposition to a motion for summary judgment and then resurrect it on appeal. Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1164 (5th Cir. 1983).

"Failure to provide any legal or factual analysis of an issue results in waiver." American States Ins. Co. v. Bailey, 133 F.3d 363, 372 (5th Cir. 1998). Boykin does not "argue why or on what grounds the district court's finding [of res judicata] was legally or factually incorrect." Id. Even pro se litigants must brief their issues. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Because Boykin offers no legal or factual analysis of the res judicata issue, he abandons it. Moreover, because he neither identifies any adverse action that occurred after the res judicata cut-off date nor distinguishes current claims from those adjudicated, he fails to identify any claim that is not res judicata.

Summary judgment is reviewed de novo and is proper if "'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991) (quoting Fed. R. Civ. P. 56(c)). By failing to brief any significant issue, Boykin fails to challenge the summary judgment on factual or legal grounds. His appeal is devoid of arguable merit and is dismissed as frivolous. 5th Cir. R. 42.2. See Lyons v. Sheetz, 834 F.2d 493, 495-96 (5th Cir. 1987).

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Entergy's separately filed motion provided Boykin with adequate notice, and Boykin

responded. Although sanctions are not lightly imposed, even <u>pro se</u> litigants do not have "unrestrained license to pursue totally frivolous appeals." <u>Clark v. Green</u>, 814 F.2d 221, 223 (5th Cir. 1987).

Boykin has tried three times to litigate essentially the same cause of action. We affirmed dismissal of his first two lawsuits. The second affirmance was based on <u>res judicata</u>, so Boykin knew or is charged with knowledge that further litigation was foreclosed. He nevertheless filed the present suit, which also was dismissed as <u>res judicata</u>, and then proceeded to file an appeal that is not just frivolous but is clearly vexatious and, in light of prior warnings, contumacious as well. Entergy's motion for sanctions is thus well-taken. We order Boykin to pay Entergy's attorneys' fees and double costs, and remand this case for the district court to determine the amount of the reasonable fees Entergy incurred in defending this appeal and to assess such fees and costs to Boykin.

Further, we warn Boykin that additional frivolous pleadings, suits, or appeals filed by him or on his behalf will invite further sanctions. In this regard, he is strongly advised to review any pending litigation to ensure that he is not raising claims already judicially resolved or that are otherwise frivolous.

Boykin filed a motion urging us to impose sanctions against Entergy for untimely filing its appellate brief. The motion is denied because Entergy's brief was filed timely. <u>See</u> 5th Cir. R. 31.3 (allowing 33 days from date on certificate of service); Fed. R. App. P. 26(a)(3) (period does not end on weekend or holiday).

4

Boykin's motion for sanctions is DENIED.

Entergy's motion for attorney's fees and double costs under Rule 38 is GRANTED, and the case is REMANDED for the district court to set the amount of attorney's fees incurred on appeal.

Boykin's appeal is DISMISSED.  5th Cir. R. 42.2.