# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————————

m 01-20417
Summary Calendar

———————————

DALE D. NESFIELD,

Plaintiff-Appellant,

VERSUS

NATIONAL MARITIME UNION; NICHOLAS BACHKO COMPANY, INCORPORATED;
AND
UNITED STATES COAST GUARD,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Texas
m H-99-CV-2634

———————————

November 29, 2001

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circum-

I.

Dale Nesfield, a *pro se* litigant, appeals the dismissal of claims related to his job termination by Nicholas Bachko Company, Incorporated, that have already been rejected twice by this court. *See Nesfield v. United States Coast*

stances set forth in 5TH CIR. R. 47.5.4.

*Guard*, No. 00-20081 (5th Cir. Aug. 22, 2000) (unpublished); *Nesfield v. Nat'l Maritime Union*, No. 99-21022 (5th Cir. June 16, 2000) (unpublished). On the second occasion, Nesfield was sanctioned and fined $100 for filing a frivolous appeal and was warned that "further frivolous appeals will result in the imposition of additional sanctions." *Nesfield v. United States Coast Guard*, at 2.

Despite this warning, Nesfield has chosen to file yet another appeal raising the same issues. He now claims that his case should be reconsidered because the defendants' actions have allegedly triggered the onset of his diabetic condition.

The district court held that Nesfield had failed to provide sufficient evidence either to reinstate his case or to begin a new lawsuit. A dismissal under FED. R. CIV. P. 12(b)(6) is subject to *de novo* review. *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992). Denial of a FED. R. CIV. P. 60 motion to set aside an earlier judgment is subject to review only for abuse of discretion. *Travelers Ins. Co. v. Liljberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

We need not decide which standard is applicable here, because Nesfield has failed to present sufficient evidence to justify overruling the district court's decision under either. The appeal is frivolous and must be dismissed. 5TH CIR. R. 42.2.

## II.

"This court is authorized to impose sanctions upon those who pursue frivolous appeals," and "[a] litigant's *pro se* status does not preclude imposition of [such] sanctions." *Lyons v. Sheetz*, 834 F.2d 493, 495-96 (5th Cir. 1987). Because Nesfield has chosen to ignore this court's warning to desist from filing further frivolous appeals, it is ordered that he be sanctioned with a fine of $100; he is ordered to remit payment to the clerk of this court within thirty days of the issuance of the mandate in this case. Nesfield is once again warned, in the strongest possible terms, that further frivolous appeals can, and likely will, result in the imposition of additional sanctions.

APPEAL DISMISSED; SANCTIONS IMPOSED.