United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20816
Summary Calendar
_____

LIBERTY MUTUAL INSURANCE COMPANY,

Plaintiff-Appellee,

versus

DONNA ADAMS,

Defendant-Appellant,

ROBERT HEDRICK,

Intervenor Defendant-
Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-1974
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Appellee's motion to dismiss for lack of jurisdiction appeal

of district court's remand order and ostensible appeals of any

other orders, other than that granting Appellee's motion for

sanctions and statutory fees, is GRANTED.  *See* 28 U.S.C. §

1447(d); *see also Louisville & Nashville R. Co. v. Mottley*, 211

U.S. 149, 150-53 (1908) (plaintiff, not defendant, controls

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

removability of case); *Sitton v. United States*, 413 F.2d 1386, 1389 (5th Cir. 1969) (federal courts do not act as appellate arm of state courts).

The district court's sanctions order against Appellants, under Federal Rule of Civil Procedure 11, which granted non-monetary relief and, based on fees incurred by Appellee during its two prior successful remands, $10,750, was not an abuse of discretion and is AFFIRMED. *See Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 566 (5th Cir. 2006). To the extent Appellants appeal the court's award of $7,031.25 in statutory fees under 28 U.S.C. § 1447(c), that award was also not an abuse of discretion and is AFFIRMED. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).

Appellee's motion for costs on appeal and motion, pursuant to Federal Rule of Appellate Procedure 38, for damages in the amount of fees incurred in defending this appeal are GRANTED and the matter REMANDED to the district court for determination of such (single) costs and fees incurred in defending this appeal. *See Lyons v. Sheetz*, 834 F.2d 493, 495-96 (5th Cir. 1987); *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987) (explaining that even *pro se* litigants lack "unrestrained license to pursue totally frivolous appeals").

Appellants' motion for $20,000 in sanctions against Appellee, motion to turn the appeal over to the FBI for investigation of allegations of conspiracy between employees of

this Court and Appellee, and motion to continue all actions pending the outcome of that investigation are DENIED.

Finally, we warn Appellants that additional frivolous pleadings, suits, or appeals filed by them in this matter will invite further sanctions.  It is time for the underlying case to proceed in state court.