# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2012

No. 11-60770
Summary Calendar

Lyle W. Cayce
Clerk

OLLIE LEE EVANS,

Plaintiff-Appellant

v.

SHERYLL ZIPORKIN; STATE OF MISSISSIPPI,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2:11-CV-66

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Ollie Lee Evans, Mississippi prisoner # 63213, appeals the dismissal of his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction and as frivolous. We review the dismissal *de novo*. *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995).

Evans argues that the district court erred in dismissing his action challenging the denial of his Social Security benefits on account of his color, race, and age. Evans's civil action against Sheryll Ziporkin, an employee of the Social

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60770

Security Administration acting under federal law, was not proper under Section 1983, which only applies to state actors acting under color of state law.  *See Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987).  Even if Evans had filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides for a private cause of action against federal officials for constitutional torts, his action would still be subject to dismissal.  Evans has no claim for monetary damages arising out of the denial of his Social Security benefits.  *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988).

Regarding the district court's ruling that to the extent Evans was asserting a Social Security appeal, it was untimely, Evans makes no intelligible argument.  Evans has abandoned this issue.  *See Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995).

Evans also argues that the district court erred in denying him appointment of counsel on appeal.  The district court properly applied the appropriate standards and determined that there were no exceptional circumstances warranting the appointment of counsel.  Because not even an attorney could make an argument on appeal that would advance Evans's claim, the district court did not abuse its discretion in denying appointed counsel.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

AFFIRMED.