# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60629
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2014

Lyle W. Cayce
Clerk

PETER BERNEGGER,

Plaintiff-Appellant,

v.

MACK GRIMMETT; TOMMY TAYLOR; SCOTT PETERSON; ASSISTANT WARDEN SELLERS; CAPTAIN GALLION; LIEUTENANT WILSON; CHRIS ESPY; LIEUTENANT HALL; OKLAHOMA CITY FEDERAL TRANSFER FACILITY WARDEN; UNITED STATES MARSHALS SERVICES; BUREAU OF PRISONS; JEFF BUTLER; SAM MOORE; OFFICER HAYWARD; CAPTAIN BROWN; CAPTAIN WHITE; CAPTAIN HICKS; CAPTAIN COOK; MS. WALKER,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-CV-5

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Peter Bernegger, federal prisoner # 09660-089, appeals the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(b)(i).   In his original civil rights complaint, he asserted that various individuals involved in his federal criminal proceedings, including prosecutor Robert J. Mims, had acted improperly, resulting in violations of Bernegger's constitutional rights and the commission of fraud upon the court. Bernegger also asserted in an amended complaint that various defendants involved in his incarceration at the Bolivar County Regional Correctional Facility and the Oklahoma City Transfer Center had violated his constitutional rights.

On appeal, Bernegger contends that the district court erred in concluding that his claims against the defendants involved in his criminal proceedings were barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).   The district court did not cite to *Heck* in either of its opinions dismissing defendants or claims.   However, Bernegger's claims relating to these defendants do call into question the validity of his federal conviction, and he has not shown that the conviction has been overturned or otherwise held to be invalid.   *See Heck*, 512 U.S. at 486-87.   Although Bernegger argues that his assertions of fraud upon the court establish that the judgment of conviction is void, *Heck* does not authorize the filing of a civil rights complaint under such circumstances.   *See id.*; *see also Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994) (applying *Heck* to a federal prisoner's civil rights claim).

Bernegger also asserts that the district court erred in ruling that Mims was entitled to absolute immunity for his purportedly improper actions.   To the extent that these claims related to Mims's decisions about whether to prosecute or what charges to bring against Bernegger, such actions are within the scope of Mims's employment as a prosecutor and are entitled to immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 & n.33 (1976).   Although Bernegger raises other assertions indicating that Mims tampered with witnesses by

leaking information through third parties, such claims are also entitled to immunity.  *See Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995), *abrogation on other grounds recognized in Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

In another ground for relief, Bernegger asserts that he was entitled to relief because he was denied access to a law library or to legal assistance while incarcerated.  The right of access to the courts does include access to legal materials or assistance. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  However, Bernegger has not established that his inability to visit a law library hindered his ability to pursue a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In addition, Bernegger challenges various rulings by the district court. He contends that the district court erred in failing to amend his complaint to include Bankruptcy Judge David Houston, III, as a defendant in his case and failed to grant Bernegger's motion to amend his complaint to augment his claims against Judge Houston.  Based on Bernegger's pleadings, Mims gave information about Bernegger's criminal proceedings to Judge Houston, who then disclosed that information to his wife, who then gave the information to actual and potential trial witnesses.  The district court did not abuse its discretion in denying the motion, as the proposed amendment would have been futile because it failed to allege that Judge Houston violated Bernegger's constitutional rights. *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997); *see also Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987). Even assuming *arguendo* that Bernegger stated a claim against Judge Houston, such a claim of witness tampering calls into question the validity of Bernegger's conviction and would be barred by *Heck.  See* 512 U.S. at 486-87.

No. 12-60629

Bernegger also asserts that the district court erred in sealing his case. The district court sealed only the amended complaint, not the entire case. Given that the public could review the district court's opinions and thus ascertain the basis of the allegations included in the sealed document, Bernegger has not established that the district court abused its discretion in sealing a document containing vulgar language. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

Bernegger also contends that the district court erred in dismissing his complaint without holding a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Because he has not shown that the use of such a proceeding to further develop the facts would have given rise to a constitutional claim, he has not established that the district court abused its discretion in not holding a hearing. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

In sum, Bernegger has not shown that the district court erred in denying relief on the allegations that he briefed before this court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011). Although Bernegger raised numerous other allegations before the district court, he does not brief these claims on appeal and they are deemed abandoned. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the judgment of the district court is AFFIRMED. Bernegger's motion to amend his appellate brief is GRANTED. His motion for summary reversal against defendants who did not file timely appellate briefs is DENIED.