# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2021

Lyle W. Cayce
Clerk

No. 20-30581
consolidated with
No. 21-30410
Summary Calendar

---

Mark Hanna,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CV-20
USDC No. 2:20-CV-1502

---

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

This consolidated appeal involves two nearly identical lawsuits. Both lawsuits arose from Plaintiff's claim under the Federal Tort Claims Act

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30581
c/w 21-30410

("FTCA"), in which he alleged that a misrepresentation by a federal docket clerk in a prior action caused him damages. In the first suit, the district court (Hicks, C.J.) denied his motion for leave to amend his complaint, denied his subsequent Rule 60(b) motion for reconsideration of that denial, and dismissed his FTCA claim for lack of subject matter jurisdiction due to failure to exhaust his administrative remedies. In the second suit, the district court (Doughty, J.) dismissed his FTCA claim for lack of subject matter jurisdiction under the FTCA's misrepresentation exception. For the following reasons, we AFFIRM both judgments.

The FTCA provides a limited waiver of sovereign immunity, allowing suit in federal court only when the plaintiff files an administrative claim with the appropriate federal agency within two years after such claim accrues, *and* the plaintiff either (1) obtained a written denial, or (2) did not receive a response within six months. *See* 28 U.S.C. § 2675(a); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), *on reh'g in part*, 81 F.3d 520 (5th Cir. 1996). Under the FTCA's misrepresentation exception, the FTCA's limited waiver of sovereign immunity does *not* apply to claims that arise out of alleged misrepresentations. *See* 28 U.S.C. § 2680(h); *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031 (5th Cir. 2011).

Plaintiff failed to exhaust his administrative remedies. The record reflects that Plaintiff made two administrative claims—one in 2018, and the other in 2019. The record also reflects that (a) no administrative agency—let alone the *proper* one—ever received his 2018 claim, and (b) he filed his suit in federal district court prior to receiving a written denial of his 2019 claim or the expiration of six months after filing same.

Moreover, the FTCA's misrepresentation exception bars Plaintiff's FTCA claim. His claim is necessarily predicated on an injury—if there was one—that arose from an alleged misrepresentation by a federal docket clerk.

No. 20-30581
c/w 21-30410

This clearly falls within the scope of the FTCA's misrepresentation exception, to which the FTCA's limited waiver of sovereign immunity does not apply. *Life Partners Inc.*, 650 F.3d at 1031–34.

Finally, the district court did not abuse its discretion in denying Plaintiff's Rule 60(b) motion to reconsider its order denying him leave to amend his complaint.[1]  Plaintiff initially requested leave to amend his complaint to add four federal judges—the district judge who dismissed his § 1983 lawsuit from 2015, and the three Fifth Circuit judges who affirmed that decision.  His proposed amended complaint sought to assert *Bivens* claims against the federal judges for injunctive and declaratory relief.  But these claims have no legal basis; unsatisfied litigants may not collaterally attack a prior judgment by suing the judges who issued the decision in the prior case. *See, e.g.*, *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987).

\*    \*    \*

Judgments AFFIRMED; appeals DISMISSED.

---

[1] We review orders denying motions for leave to amend, and orders denying motions for Rule 60(b) relief, for abuse of discretion. *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (appellate review of denial of motion for leave to amend); *Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006) (appellate review of denial of Rule 60(b) motion).